# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAYMOND SMITH,

    Plaintiff,

v.

ACCREDITED HOME LENDERS, *et al.*,

    Defendants.

Case No. 2:15-CV-01130-KJD-VCF

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#6). Plaintiff filed a response in opposition (#9) to which Defendants replied (#10). Also before the Court is Plaintiff's Motion for Leave to Amend (#11). Defendants filed a response in opposition (#12).

<u>I. Background</u>

    On or about February 10, 2005, Plaintiff purchased property located at 1331 Ebbets Pass, Las Vegas, NV 89110 ("the Property"). The Deed of Trust executed by Plaintiff clearly and plainly identified Accredited Home Lenders, Inc. as the "Lender", Nevada Title Company as the Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary acting solely as nominee for Lender, and the Lender's assignees and successors. The Note and Deed of Trust secured a loan of $275,000.00.

On March 7, 2012, an Assignment of Deed of Trust was recorded by which MERS, as nominee of Lender Accredited Home Lenders, Inc. assigned all beneficial interest under the Deed of Trust to Household Finance Realty Corporation of Nevada ("Household"). On March 14, 2014, an Assignment of Mortgage was recorded which assigned all beneficial interest in the Deed of Trust from Household to U.S. Bank.

On September 9, 2014, a Substitution of Trustee was recorded by which Summit Real Estate Services, LLC ("Summit") was substituted as Trustee. On September 10, 2014, Summit recorded Notice of Default against the Property. On December 15, 2014, a Notice of Trustee's Sale was recorded. On December 16, 2014 a Certificate of the State of Nevada Foreclosure Mediation Program was recorded, indicating the Property was a "non-applicable property" and that the "Beneficiary may proceed with the foreclosure process."

On January 12, 2015, a Trustee's Deed upon Sale was recorded, showing that U.S. Bank was the highest bidder at the foreclosure sale. On May 15, 2015, Plaintiff filed the present action asserting claims for: Intentional Misrepresentation, Concealment, Promissory Fraud, Intentional Infliction of Emotional Distress, Injunctive Relief, to Set Aside the Trustee Sale and Cancellation of Written Instruments. Defendants then filed the present motion to dismiss.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the

2

context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

### A. Statute of Limitations

Section 107.080(5) allows any trustee's sale made pursuant to section 107.080 to be set aside if the trustee or other authorized person fails to substantially comply with the provisions of 107.080. However, an action to set aside a sale under 107.080 must be filed within forty-five (45) days of the sale. See NRS § 107.080(5)(b) . In this action the trustee's sale was held on January 7, 2015. Therefore, any action to set aside the sale for failure to comply with NRS § 107.080 was required to be filed no later than February 21, 2015. Plaintiff did not file his complaint until May 15, 2015. Plaintiff made no response to Defendants' motion to dismiss his claims based on the statute of limitations. Accordingly, the Court grants Defendants' motion to dismiss those claims arising under alleged violations of NRS § 107.080, particularly Plaintiff's fifth, sixth, and seventh causes of action.

### B. Claims based on wrongful foreclosure

To the extent that any of Plaintiff's claims are based on a Nevada common law cause of action for wrongful foreclosure, those claims must be dismissed. To prevail on a wrongful foreclosure tort claim, a plaintiff must prove that the foreclosing party did not have a legal right to foreclose on the property. Collins v. Union Fed. Sav. & Loan Ass'n, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983). "Therefore, the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." Id. If the plaintiff does not or cannot

1  demonstrate that it was not in default, then it cannot prevail on a tort claim for wrongful foreclosure.
2  See In re Mortg. Elec. Registration Sys., Inc., 754 F.3d 772, 785 (9th Cir. 2014).  Here, Plaintiff has
3  failed to allege that he was not in default. Instead, he alleges just the opposite, that he was in default.
4  Therefore, his claims must be dismissed. See Hines v. Nat'l Default Servicing Corp., 2015 WL
5  4611941, at *2 (Nev. July 31, 2015).

     C. Intentional Misreprsentation, Concealment and Promissory Fraud

   Construing Plaintiff's pro se complaint liberally, as the Court must, Plaintiff has alleged claims based in fraud which he titles fraudulent misrepresentation, concealment, and promissory fraud.  Plaintiff must allege facts containing the following elements with particularity: (1) a false representation made by defendant; (2) defendant's knowledge that the representation was false when made; (3) an intent by defendants to induce plaintiff to act or refrain from acting; (4) justifiable reliance by plaintiff upon the misrepresentation; and (5) damages to plaintiff resulting from the misrepresentation. See Bulbman, Inc. v. Nevada Bell, 825 P.2d 588, 592 (Nev. 1992).

   Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Nev. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Morris v. Bank of Nev., 886 P.2d 454, 456 n.1 (Nev. 1994).  Fraud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, that they had authority to speak for the corporation, and what was said or written and when.

   Here, Plaintiff has failed to plead any of his fraud claims with particularity. Additionally, he failed to specifically address the motion to dismiss his fraud claims. Further, in his responsive motion to amend, he only addresses his desire to add claims for violations of the Fair Debt Collection Practices Act. He does not propose the addition of any factual allegations that would support the

fraud claims with the particularity required. Accordingly, his fraud claims are dismissed with prejudice.

### D. Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress requires Plaintiff to demonstrate: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress; and (3) actual or proximate causation. See Dillard Dept. Stores v. Beckwith, 989 P.2d 882, 886 (Nev. 1999). "Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998)(internal quotations omitted). Plaintiff has failed to allege any "extreme and outrageous" conduct by Defendants. Instituting foreclosure proceedings where Plaintiff admits to being in default does not amount to extreme and outrageous conduct. Lenders may pursue their own economic interest without being subject to a claim for infliction of emotional distress for exercising their rights under the contract. See Sattari v. Wash. Mutual, 2010 WL 3896146 (D. Nevada September 29, 2010). Therefore, Plaintiff's claim for infliction of emotional distress is dismissed.

### E. Securitization and the Standing of MERS

Plaintiff attempts to raise issues based on the designation of MERS as beneficiary in the Deed of Trust and based on the alleged securitization of the note. The Nevada Supreme Court has held that a borrower lacks standing to challenge the assignment of a mortgage when the borrower is neither a party to the assignment of the pooling service agreement or a third-party beneficiary to the transaction. See Wood v. Germann, 130 Nev. Adv. Op. 58, 331 P.3d 859, 861– 862 (Aug. 7, 2014); see also Christie v. Bank of N.Y. Mellon, N.A., 617 Fed. Appx. 680, 2015 WL 3621870 (9th Cir. June, 11, 2015) (holding that a mortgagor or borrower lacks standing to challenge irregularities in the assignment of his note or deed of trust because such assignment does not affect the borrower's obligations under the loan). Furthermore, an assignee has authority to appoint successor trustees in a deed of trust. See Zodrozny v. Bank of N.Y. Mellon, 720 F.3d 1163 (9th Cir.2013).

Since the assignments and/or substitutions of the loan do not affect Plaintiff's ability to cure the default or make payments, Plaintiff lacks standing to challenge such transfers. Thus, in the present case, Plaintiff lacks standing to challenge the assignment or transfer of the loan between beneficiaries and trustees because these assignments and substitutions did not prejudice Plaintiff's ability to keep the loan payments current.

### F. Motion to Amend to Add Fair Debt Collection Practices Act Claims

Plaintiff has moved to amend his complaint to add claims for violations of the Fair Debt Collection Practices Act. The statute prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). The Court finds that Plaintif's motion to amend is futile because he cannot factually support his claims of fraudulent misrepresentation, concealment and promissory fraud. Thus, there would be no "false, deceptive, or misleading representation" under the statutory language on which to bring the action. See id.; Christie v. Bank of N.Y. Mellon, N.A., 617 Fed. Appx. 680, 683 (9th Cir. 2015). Therefore, the Court denies Plaintiff's motion to amend.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#6) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend (#11) is **DENIED**;

IT IS FURTHER ODERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 15th day of March 2016.

Kent J. Dawson
United States District Judge